# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 1103 | **DATE** | March 19, 2013 |
| **CASE TITLE** | | Arturo Terrell, Jr. (#139953) v. Kane County | |

**DOCKET ENTRY TEXT**

The Court grants Plaintiff's motion for leave to file *in forma pauperis* (Doc [3]) and assesses an initial partial filing fee of $18.96. The Court authorizes trust fund account officials at Plaintiff's place of confinement to make deductions in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at the Kane County Jail. Plaintiff's complaint is dismissed without prejudice. Plaintiff must submit an amended complaint within 30 days of the date of this order. Failure to timely comply will result in the summary dismissal of this case. Plaintiff's motion for the appointment of counsel (Doc [4]) is denied.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff, Arturo Terrell, Jr., is currently confined at the Kane County Jail. His complaint names Kane County Jail Lieutenant Carter as Defendant and lists a myriad of problems at the jail. Plaintiff's allegations consist of short phrases: "no shoes ... no recreation activities ... illegal strip searches ... no proper bedding .. poor medical attention ... visitations are over restrictive ... no sunlight exposure ... no proper hygiene products ... no heating." (Compl. at 4-5.) Many, if not most, of his complaints concern the cost for services and items at the jail: "$50 for a GED [where] everywhere else is free ... $3 for an indigent kit ... dentist charges $25 for a visit ... barber charges $22 ... commissary prices [are] to[o] high ... costs to use the body scales ... phone calls too expensive." (*Id.*)

Plaintiff seeks to file his complaint as a pauper and also seeks the appointment of counsel.

Under the Prison Litigation Reform Act (PLRA), inmates filing a civil action must pay the full filing fee, which currently is $350. Plaintiff's application to proceed in forma pauperis indicates that, although he has a six-month average deposit of $432.30, his current balance is only $18.96. Under 28 U.S.C. § 1915(b), the initial partial filing fee is based upon the higher of the six-month average of either the inmate's deposits or his daily average balance. Although Plaintiff should be assessed an initial partial filing fee of $86.46, given that he has only $18.96 in his account at this time, the Court will assess his current balance as an initial partial filing fee. The Court notes, however, that Plaintiff's next payment may be higher than his initial partial fee in accordance with § 1915(b)(1).

The supervisor of inmate trust accounts at Plaintiff's place of confinement is authorized to collect, when available funds exist, $18.96 as an initial partial filing fee and forward it to the Court. After the initial payment, the trust fund officer is authorized and directed to collect monthly payments from Plaintiff's trust account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. Plaintiff shall remain responsible for the filing fee, and Kane County Jail authorities shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred to another facility.

| STATEMENT |
|---|

Although Plaintiff may proceed *in forma pauperis*, his complaint does not satisfy the notice-pleading requirement. Plaintiff's short, fragmented sentences are insufficient to state a claim. Although the federal notice pleading standard requires a complaint to state only a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), the complaint must give each Defendant sufficient notice of the claims being asserted against him or her and the grounds upon which the claims are based. The claims must contain sufficient facts that, when accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[N]aked assertion[s] devoid of further factual enhancement" are insufficient. *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Plaintiff's short phrases, none of which indicate how Defendant is or was associated with the conditions, "are so sketchy or implausible that they fail to provide sufficient notice to defendants of [hi]s claim." *Brooks v. Ross,* 578 F.3d 574, 581 (7th Cir. 2009).

In addition to Plaintiff not giving adequate notice of his claims, many, if not most, of the conditions to which he refers do not indicate constitutional violations. In order to state a conditions-of-confinement claim of constitutional significance, the challenged condition must amount to "punishment." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). The standard for determining punishment is similar to whether a condition is considered unconstitutional under the Eighth Amendment for prisoners. *Zentmeyer v. Kendall County, Ill.*, 220 F.3d 805, 810 (7th Cir. 2000). Punishment requires something more than routine discomfort. *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). Punishment in the constitutional sense requires allegations of extreme deprivations over an extended period of time. *Hudson v. McMillian*, 503 U.S. 1, 8–9 (1992); *Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999). Plaintiff must allege facts that, if true, would demonstrate both that he suffered a substantial risk of serious harm and that the Defendant was actually aware of the risk but nevertheless failed to take appropriate steps to protect him from the risk. *Butera v. Cottey*, 285 F.3d 601, 605 (7th Cir. 2002). Plaintiff has not asserted facts that state valid claims of deliberate indifference to a substantially serious jail condition.

Accordingly, the complaint is dismissed. The dismissal is without prejudice. Plaintiff must submit an amended complaint that satisfies the notice pleading requirement and that states a valid claim. Plaintiff is advised that an amended complaint supercedes and replaces a prior complaint and must stand complete on its own. The Court will look only to the amended complaint to determine the claims and parties to this suit. Also, Plaintiff must submit a judge's copy and a service copy for each named Defendant. If Plaintiff needs amended complaint forms, he may request them from the Court. Plaintiff is given 30 days to comply with this order. If the Court receives no pleadings from Plaintiff within that time, the Court will summarily dismiss this case.

Lastly, Plaintiff's motion for the appointment of counsel is denied without prejudice. Currently, neither the issues nor the discovery of this case are complex, and Plaintiff appears to be competent to represent himself at this stage of the proceedings, despite the fragmented claims asserted in his complaint. Counsel is not warranted at this time. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir.2010); *Pruitt v. Mote*, 503 F.3d 647, 655-57 (7th Cir. 2007).